UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

POLLY D. CROCKETT,                )
                                   )
          Plaintiff,         )
                                   )
v.                           )     CIVIL ACTION NO.
                                   )     5:10-CV-033-BG
                                   )     ECF
MICHAEL J. ASTRUE,         )
Commissioner of Social Security,  )
                                   )
         Defendant.     )

## REPORT AND RECOMMENDATION

Under the authority of 42 U.S.C. § 405(g), Plaintiff Polly D. Crockett seeks judicial review of a decision of the Defendant Commissioner of Social Security denying her application for Disability Insurance Benefits. Crockett brings a single issue for the court's review: Whether the Commissioner applied the correct legal standards in considering an opinion from her treating physician. Judicial review of Crockett's appeal is limited to two issues: (1) whether the Commissioner's final decision is supported by substantial evidence and (2) whether the Commissioner used proper legal standards to evaluate the evidence. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). The undersigned has considered the arguments of the parties, the administrative record, and the applicable law, and recommends that the District Court reverse the Commissioner's decision and remand Crockett's case for further administrative proceedings.

## I.     Statement of the Case

Crockett worked as a phone company customer service representative for thirteen years. (Tr. 24, 99-101.) She claims she suffers from degenerative disk disease, arthritis, lupus, hypertension, and other medical conditions. (Tr. 113.) She stopped working because of pain in her

back and claims she became disabled on June 5, 2006. (Tr. 28, 90-92, 113.)  The Administrative Law Judge ("ALJ") held a hearing on August 6, 2008, and issued a decision on August 29, 2008, in which he determined that Crockett was not disabled and not entitled to Social Security benefits. (Tr. 12-18.)  He determined that Crockett was capable of performing sedentary work that did not involve constant handling and only occasional climbing, balancing, stooping, kneeling, crouching, and crawling and that she was therefore capable of performing her past work as a customer service representative.  (Tr. 14, 17.)  In reaching his decision, he also rejected the opinion of Crockett's treating physician Roberta Beals, M.D.  (Tr. 17.)  Crockett testified at the hearing that Dr. Beals had served as her treating physician for twelve years, and the ALJ acknowledged that Dr. Beals was Crockett's treating physician.  (Tr. 17, 44.)  The ALJ also acknowledged that Dr. Beals provided an opinion in July 2007 in which she advised that Crockett was capable of performing sedentary work but that she was capable of sitting and standing for only 30 minutes at one time; would require unscheduled breaks every 30 minutes to change positions from sitting to walking during the work day; and would need to elevate her feet while sitting.  (Tr. 17, 194.)  The ALJ determined that Dr. Beals' opinion warranted "very limited probative value" because (1) Crockett testified that Dr. Beals provided only pain medication for her and (2) medical evidence from other sources demonstrated that Crockett's symptoms improved after July 2007.  (Tr. 17.)

Crockett points to the reasons the ALJ gave for rejecting Dr. Beals' opinion and argues that neither reason presents "good cause" for rejecting her treating physician's opinion.  Citing *Newton v. Apfel*, 209 F.3d 448, 455-55 (5th Cir. 2000), Crockett further argues that the ALJ failed to properly weigh Dr. Beals' opinion under the regulatory factors listed in 20 C.F.R. § 404.1527(d) and that she was prejudiced by his failure to do so.  Crockett's arguments have merit.

**II.** **Discussion**

"[O]rdinarily the opinions, diagnoses, and medical evidence of a treating physician who is familiar with the claimant's injuries, treatments, and responses should be accorded considerable weight in determining disability." *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). Thus, in the "absen[ce] [of] reliable medical evidence from a treating or examining physician controverting the claimant's treating specialist, an ALJ may reject the opinion of the treating physician *only* if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527(d)." *Newton*, 209 F.3d at 453 (emphasis in the original). The ALJ is "required to consider each of the § 404.1527(d) factors before declining to give any weight to the opinions of the claimant's treating specialist." *Id.* at 456. The factors under 20 C.F.R. § 404.1527(d) require the ALJ to consider: (1) the length of the treating relationship; (2) the frequency of examination; (3) the nature and extent of the treatment relationship; (4) whether the physician provides medical evidence to support his opinion; (5) whether the opinion is consistent with the record as a whole; and (6) the specialization of the treating physician. *Newton*, 209 F.3d at 456 (citing 20 C.F.R. § 404.1527(d)). The court has also held that there is good cause to reject the opinion of any physician when such an opinion is brief and conclusory, unsupported by medically acceptable clinical laboratory diagnosis techniques, or otherwise unsupported by the evidence. *Greenspan*, 38 F.3d at 237.

In this case, there is no evidence from an examining physician that would contradict Dr. Beals' opinion. No other physician was of the opinion that Crockett was capable of the sitting and standing required during an eight-hour workday, none of the medical evidence contradicts Dr. Beals' opinion that Crockett was capable of sitting and standing for only 30 minutes at a time;

would require unscheduled breaks every 30 minutes in order to change positions from sitting to standing and walking; and would need to elevate her feet while sitting. *See Newton*, 209 F.3d at 456. The ALJ was therefore required to perform the analysis under the regulatory factors, but he did not do so. In addition, the ALJ did not provide good cause for rejecting Dr. Beals' opinion: he did not find that Dr. Beals' opinion was brief and conclusory; he did not find that the opinion was unsupported by medical evidence; and he did not determine that it was unsupported by the evidence. Neither of the ALJ's reasons provide good cause for rejecting Dr. Beals' opinion. The ALJ's first reason – that Crockett testified that Dr. Beals provided only pain medication for her is without support in the record. The ALJ asked Crockett, "And what is [Dr. Beals] doing for you in regard to your back pain?" (Tr. 44.) Crockett responded by telling the ALJ, "At this point in time, the only thing she says she can do is give me the pain killers which is . . . Oxycontin." *Id.* Thus, the testimony the ALJ cited was limited to testimony Crockett gave in response to a specific question regarding pain relief. The evidence in the record, on the other hand, is not limited to the efforts Dr. Beals undertook to control Crockett's pain. The record evidence shows that Dr. Beals conducted examinations of Crockett, referred her to specialists, ordered diagnostic testing, and managed her medical care. (Tr. 154-55, 207-30, 232-54.)

The ALJ's second reason for rejecting Dr. Beals' opinion – his finding that Crockett's condition improved after July 2007, the month in which Dr. Beals rendered her opinion – does not provide good cause for rejecting the opinion. Although the ALJ stated that evidence indicated that Crockett's condition improved after Dr. Beals rendered her opinion, he did not identify or point to any such specific evidence in the record. (Tr. 17.) More particularly he did not point to any contemporaneous opinion that would contradict Dr. Beals' opinion. Thus, even if the court were

to assume, for argument sake, that the record includes evidence showing an improvement in Crockett's condition after July 2007 – and the ALJ pointed to no such evidence – such a finding would not necessarily lead to a conclusion that Crockett did not suffer from the limitations Dr. Beals described at the time she wrote her opinion in July 2007. The ALJ did not, therefore provide good cause for rejecting Dr. Beals' opinion.

As a final point, it should be noted that the Commissioner defends the ALJ's decision by pointing to evidence from another physician and arguing that the evidence supports the ALJ's conclusion. The court should reject the Commissioner's arguments. First, the physician opinion the Commissioner cites is from a physician who examined Crockett and found that her pain was significant enough to recommend discography and a prescription of Oxycontin. (Tr. 322-326.) After reviewing the results of discography, which showed disease at the L4 and L5 level, he sought insurance authorization for anthroplasty, a surgical procedure undertaken to restore range of motion to correct advanced arthritis through the creation of an artifficial joint. STEDMAN'S MEDICAL DICTIONARY 150 (27th ed. 2000). Second, the court is not authorized to determine which evidence from which physician is more persuasive and entitled to more weight; the court cannot reweigh the evidence or substitute its judgment for the Commissioner's judgment. *Audler v. Astrue*, 501 F.3d 446, 447 (5th Cir. 2007). "The ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council." *Newton*, 209 F.3d at 455 (citation omitted).

## III.    Conclusion and Recommendation

Based on the foregoing discussion of the issues, evidence, and the law this court recommends that the District Court reverse the Commissioner's decision and remand Crockett's case for further administrative proceedings.

IV.     **<u>Right to Object</u>**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within fourteen days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated:          September 15, 2010.

NANCY M. KOENIG
United States Magistrate Judge